THIS
 OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Willie C.
 Scott, Appellant,
 
 
 

v.

 
 
 
 Dorothy S. Scott, Respondent.
 
 
 

Appeal From Greenville County
 Robert N. Jenkins, Sr., Family Court
Judge

Unpublished Opinion No. 2012-UP-281 
 Submitted April 2, 2012 - Filed May 9,
2012

AFFIRMED

 
 
 
 Michael F. Talley, of Greenville, for
 Appellant.
 Andrew G. Goodson, of Fountain Inn, and Linda
 C. Hayes, of Greenville, for Respondent.
 
 
 

 PER CURIAM: Willie C. Scott (Husband) appeals the family court's
 order granting him a divorce and distributing the marital estate. On appeal,
 Husband argues the family court abused its discretion in (1) awarding Dorothy
 S. Scott (Wife) $49,441.29 from Husband's retirement account; (2) failing to
 apportion the marital debt; and (3) failing to give Husband credit for his
 money spent on Wife's Toyota Avalon and furniture in the apportionment of the
 marital estate. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: 
1. As to whether the family court
 abused its discretion in awarding Wife $49,441.29
 from Husband's retirement account: Doe v. Doe, 370 S.C. 206, 213, 634
 S.E.2d 51, 55 (Ct. App. 2006) ("The division of marital property is in the
 family court's discretion and will not be disturbed absent an abuse of that
 discretion."); Deidun v.
 Deidun, 362 S.C. 47, 58, 606
 S.E.2d 489, 495 (Ct. App. 2004) ("On appeal, this court looks to the
 overall fairness of the apportionment."); Morris
 v. Morris, 335 S.C. 525, 531, 517
 S.E.2d 720, 723 (Ct. App. 1999) ("The
 doctrine of equitable distribution is based on a recognition that marriage is,
 among other things, an economic partnership . . . . Upon dissolution of the
 marriage, marital property should be divided and distributed in a manner which
 fairly reflects each spouse's contribution to its acquisition, regardless of who
 holds legal title." (citation and
 quotation marks omitted)); S.C. Code
 Ann. § 20-3-620(B) (Supp. 2011) (identifying fifteen factors for the court to
 consider in equitably apportioning a marital estate).
2. As to whether the family court
 abused its discretion in failing to apportion the marital debt and give
 Husband credit for his money spent on Wife's Toyota Avalon and furniture: Doe
 v. Doe, 370 S.C. 206, 212, 634 S.E.2d 51, 54-55 (Ct. App. 2006) (finding the
 wife failed to preserve an issue for appellate review because she did not raise
 it to the family court or through a Rule 59(e), SCRCP, motion). 
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.